AMOS B. LONGFELLOW *versus* SAMUEL ANDREWS & *al.*

The indorser of a bill of exchange, that has been protested for non-payment, cannot legally institute a suit thereon, in his own name, against the acceptor, before he has paid the same to the holder, although he has admitted his liability and agreed on the mode in which he would pay it.

ON FACTS AGREED. The action is ASSUMPSIT. The defendants are declared against as acceptors of a bill of exchange, dated September 2, 1857, drawn by Jacob Clark, for $539,91, payable in sixty days to the order of the drawer, by whom it was indorsed; and was directed to defendants, at Boston.

It appears that plaintiff was an accommodation indorser, and that the bill was discounted by an agent of the Calais Bank, for the Bank. The bill, at its maturity, was protested for non-payment, and notice thereof was duly given to plaintiff, who, thereupon, promised said agent that he would provide for the payment of it. On the return of the bill from Boston to the bank, which was in the early part of January, 1858, the plaintiff paid it to the bank, by giving his own note. This suit was instituted on 7th December, 1857, which was after the acknowledgment of plaintiff, of his liability to pay the bill, and his promise to provide for its payment.

It was agreed, that on the fifth of January, 1858, the day of the entry of this action in Court, the president of the bank authorized the plaintiff to prosecute this action at his own cost and risk.

In the deposition of the cashier of the bank, he states that the bill became the property of the bank, Sept. 5, and so continued until Dec. 31st, 1857.

*Porter*, for plaintiff.

*Walker*, for defendant.

The opinion of the Court was drawn up by

HATHAWAY, J. — Assumpsit, by the indorser, against the acceptors of a bill of exchange.

The bill was duly protested, and the defendants were liable to pay it to the Calais Bank, Dec. 7, 1857, when this suit was commenced. At that time, the plaintiff was liable, as indorser, to the holder of the bill, but he had no such interest in the bill as would enable him to maintain an action on it, in his own name, until he paid it, Jan. 2, 1858.

The authority which the president of the bank gave him, Jan. 5, 1858, "to prosecute this suit, at the risk and expense of the plaintiff," was nugatory. The bank, *then*, had no interest in the matter, nor any power to do any thing to vary the legal rights of the parties in this action. As Mr. Chief Justice WESTON said, in *Bradford & al.* v. *Bucknam*, 3 Fairf. 15, "The objection, taken to the right of the plaintiff to recover, is not founded on the merits of the case, * * * but, with every disposition to sustain the action, we are unable to discover any legal ground which would justify it, at the time it was brought." The cases cited as authorities, by the plaintiff's counsel, are very materially different from this case. The action having been prematurely commenced, a nonsuit must be entered.                    *Plaintiff nonsuit.*

TENNEY, C. J., RICE, APPLETON, CUTTING, and GOODENOW, J. J., concurred.